VASELOPOLOUS *v.* HACKLEY NATIONAL BANK.

GARNISHMENT—GARNISHEE DEFENDANT LIABLE FOR PAYMENT OF VOID JUDGMENT.

A garnishee defendant who pays into court money in its hands belonging to the principal defendant to satisfy a void judgment against him is liable therefor in an action to recover same.

Error to Muskegon; Vanderwerp (John), J. Submitted October 17, 1922. (Docket No. 112.) Decided December 5, 1922.

Assumpsit by Peter Vaselopolous against the Hack-

ley National Bank for money had and received.   Judgment for plaintiff for less than amount claimed.   He brings error.   Reversed.

*John G. Anderson,* for appellant.

*Cross, Foote & Sessions,* for appellee.

McDONALD, J.   The plaintiff had $2,677.84 on deposit in the Hackley National Bank of Muskegon, the defendant herein.   On the 7th day of March, 1921, summons was issued out of justice's court against him at the instance of George A. Orphan, and at the same time garnishment summons was issued directed to the bank.   On the return day, which was the 14th day of March, it appeared that service had been made on the garnishee defendant, but that no service had been made on the principal defendant and there was no appearance by him.   No new summons was taken out but the justice, on his own motion, continued the cause until the 21st of March, 1921.   On that day there still being no appearance by the principal defendant, a writ of attachment was issued and the case again adjourned until March 29, 1921.   Thereafter adjournments were had from time to time until the 20th day of May, 1921, when a judgment was rendered against the principal defendant for $287.79 damages and $3.75 costs; and on the same day judgment was given against the garnishee defendant for the total damages and costs amounting to $290.54.   This judgment was satisfied by the bank out of the money on deposit with it belonging to the plaintiff herein.   To recover the amount so paid he has brought this suit.   The writ of attachment was not served nor was any property seized under it.   No process was served on the principal defendant and there was no appearance by him.

On the trial the circuit judge found that the plaintiff was not entitled to recover: *first,* because "he is es-

topped from making any claim against the defendant by reason of his recognition of the garnishment suit and his consent for the bank to pay this money to the justice," and, *second*, because the bank was relieved of all liability by the payment into court of the amount garnisheed.

As to the question of estoppel, we are unable to find any evidence in the record which shows or tends to show a recognition by the plaintiff of the garnishment suit, or his consent to the payment of the money to the justice. The first summons was not served on the principal defendant and on the return day there was no appearance by him. No new summons was taken out as required by section 14189, 3 Comp. Laws 1915. Therefore, all subsequent proceedings were without jurisdiction and void. The payment of the money into court in satisfaction of a void judgment did not relieve the garnishee defendant of liability. On this record the plaintiff was entitled to a judgment for the full amount of his claim.

The judgment of the circuit court is reversed, and a new trial granted with costs to the plaintiff.

FELLOWS, C. J., and WIEST, CLARK, BIRD, SHARPE, and STEERE, JJ., concurred. MOORE, J., did not sit.